

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 18, 1973

The Honorable Joe Allen, Chairman
Committee on House Administration
House of Representatives
Austin, Texas

Opinion No. H-184

Re: Obligation of House of
Representatives to
furnish space to members
of the press.

Dear Representative Allen:

On behalf of the Committee on House Administration you have asked us several questions bearing upon the use of space in the Capitol building by members of the media. Specifically, your questions are:

"1. What obligation does the House of Representatives have with regard to providing rent free space to members of the media in the Capitol Building?

"2. Are there any precedents in other states law or federal law regarding providing space to members of the media?

"3. If space is provided to some members of the media, does the House of Representatives have an obligation to provide space to all legitimate members of the media?

"4. If the House of Representatives does not have to provide space to all members of the media, what means should be used to differentiate between members of the media?"

In 1954 the Constitution of Texas was amended by the addition of § 51-b of Article 3 which provides for the creation of the State Building Commission and the State Building Fund. It provides that the Commission shall have broad powers over the acquisition and disposition of property to be used for state offices. It provides that the first building to be

p. 854

built out of the Fund is one to be devoted to the use and occupancy of the Supreme Court and such other courts and agencies as may be provided by law.

Pursuant to the mandate contained in this amendment, the Legislature adopted Article 678m, V. T. C. S. It provides in its § 23:

> "When the Supreme Court of this State, the Court of Criminal Appeals, the offices of the Attorney General and the State's Attorney and the Supreme Court Library shall have moved from the State Capitol Building, the Board of Control is directed to make available for the use and occupancy of the Legislature such offices and committee rooms as the Legislature shall consider necessary and appropriate for the efficient conduct of the affairs of the House of Representatives and the Senate; . . . ."

The functions and duties of the Board of Control are covered by Title 20 of the Texas Statutes. Chapter 4 has to do with the public buildings and grounds division. Article 665 provides:

> "The State Board of Control shall have charge and control of all public buildings, grounds and property of the State, and is the Custodian of all public personal property, and is charged with the responsibility to properly care for and protect such property from damage, intrusion or improper usage, . . . . And the Board shall be authorized to provide for the allocation of space in any of the public buildings to the departments of the State Government and for the uses authorized by law to have an occupied space in the State buildings, . . . . Said Board of Control shall remove all occupants of all committee rooms in the Capitol, keep them free for Legislative work. Provided, however, that the allocation of any space affecting the quarters of either House of the Legislature, must have the approval of

the Speaker of the House of Representatives or the Lieutenant Governor, the approval being for the quarters allocated to the particular House affected."

Article 667 provides:

"The Board [of Control], during the recess of the Legislature, shall have charge and control of the halls, chambers, and committee rooms of the State Capitol Building except as hereinafter provided. Before the assembling of each session of the Legislature, the Board shall prepare the different rooms for the use of the Legislature."

As we construe this statutory history, the Board of Control has been authorized by the Legislature to allocate space in the Capitol Building. A purely technical answer to your first question, therefore, would be that the House of Representatives has no obligation to provide space to the members of the media in the Capitol Building. However, we would call to your attention the fact that, despite a delegation of these various powers to the Board of Control, nevertheless, the Legislature may exercise such powers as it will, provided it does not act contrary to the provisions of § 51-b of Article 3 or other provisions of the Constitution. Thus, for instance, in Conley v. Texas Division of the United Daughters of the Confederacy, 164 S. W. 24 (Tex. Civ. App., Austin, 1913, err. ref'd.) it was held that, notwithstanding the fact that the superintendent of public buildings and grounds had been given authority to take charge and control of all public buildings, the Legislature retained the right to designate and set apart rooms in the Capitol for purposes it deemed proper.

Therefore, while neither the Legislature nor the Board of Control is under obligation to allocate space to members of the media in the Capitol Building, free or otherwise, they may do so. Also, in the absence of legislation authorizing the collection of rent, no rental may be charged for space made available to members of the media or to others in state buildings. Tarrant County v. Ratikan Title Company, 199 S. W. 2d 269 (Tex. Civ. App., Ft. Worth, 1947, no writ).

We do not see that the furnishing of free space to the media for proper media purposes in the Capitol Building would run contrary to Article 3, §51 of the Constitution which provides that the Legislature may not make any grant of public moneys to any individual.  The provision does not prohibit the use of public funds or properties for public purposes, even though a private agency is used to achieve the purpose.  Friedman v. American Surety Company of New York, 151 S.W. 2d 570 (Tex. 1941); Davis v. City of Lubbock, 326 S.W. 2d 699 (Tex. 1959); Bexar County Hospital District v. Crosby, 327 S.W. 2d 445 (Tex. 1959); State v. City of Austin, 331 S.W. 2d 737 (Tex. 1960); Bullock v. Calvert, 480 S.W. 2d 367 (Tex. 1972); Attorney General Letter Advisory No. 6 (1973) and authorities there citied. One substantial public purpose furthered in the provision of space to the media is the public purpose advanced in the enactment of the Open Meetings Law (Article 6252-17, amended Acts 1973, 63rd. Leg., ch. 31, p. 45) "of assuring that the public has the opportunity to be informed concerning the transactions of public business. " Toyah Independent School District v. Pecos - Barstow Independent School District, 466 S.W. 2d 377 (Tex. Civ. App., San Antonio, 1971, no writ).

Our answer to your first question therefore is that the House of Representatives has no constitutional or statutory obligation to provide rent free space to members of the media in the Capitol Building but that, consistent with our traditional notions of open government and the need for an informed citizenry, and consistent with the purposes of the Open Meetings Law, the House and/or the Board of Control are amply justified in making a reasonable amount of space available for proper media purposes.  And see Article 3, §16, and Article 1, §8, Constitution of Texas.

To your second question we would add that we have found no specific statutes or cases in the law of other states or the United States with would have any precise bearing upon our answers to your questions.  Of course, the laws of all of our states and of the nation encourage a diligent press and an informed citizenry.

Your third and fourth questions ask whether the House has an obligation to provide space to all legitimate members of the media and, if it does not, what means should be used to differentiate between members of the media.

Assuming that the space provided to the members of the media is insufficient to meet the needs of "all legitimate members of the media," it is our opinion that the House of Representatives or whoever else allocates the space, may do so in one of several ways, the only requirements being that the classifications of those who are to have space and those who are not must be reasonable and must not be based upon any unconstitutional discrimination.

## SUMMARY

Neither the House of Representatives nor the Board of Control is under any constitutional or statutory obligation to furnish rent free space to members of the media in the State Capitol Building. However, they may provide space for the proper public purpose of keeping the people informed. If such space is provided, it must be provided either to all legitimate members of the media or allocated upon a reasonable basis which does not unconstitutionaly discriminate in determining who shall and who shall not be afforded space.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee